DAVID N. BARRY, ESQ. (SBN 219230)
THE BARRY LAW FIRM
11845 W. Olympic Blvd., Suite 1270
Los Angeles, CA 90064
Telephone: 310.684.5859
Facsimile: 310.862.4539

Attorneys for Plaintiffs, RYAN GRIFFIN and RADA MARCU

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN GRIFFIN, an individual; <br><br> RADA MARCU, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> FORD MOTOR COMPANY, A Delaware Corporation; and DOES 1 through 20, inclusive, <br><br> Defendants. | Case No. 2:23−CV−01450−MCE−AC <br><br> **FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** <br><br><br> **Action Filed: June 12, 2023** <br> **Trial Date: None** <br><br> *District Judge: Hon. Morrison C. England, Jr.* |

1. Breach of Implied Warranty of Merchantability under The Song-Beverly Act.

2. Breach of Express Warranty under The Song-Beverly Act.

3. Breach of Express Warranty under California Commercial Code§ 2-313.

4. Violation of The Magnuson-Moss Warranty Act.

5. Violation of Civil Code Section §1750 et seq. (The Consumers Legal Remedies Act).

JURY TRIAL DEMANDED.

1    PLAINTIFFS RYAN GRIFFIN, an individual, and RADA MARCU, an

2 individual, hereby allege and complain as follows:

3    **GENERAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

4    1.    Defendant, FORD MOTOR COMPANY is a Delaware Corporation

5 doing business in the County of San Joaquin, State of California, and, at all times

6 relevant herein, was/is engaged in the manufacture, sale, distribution, and/or importing

7 of Ford motor vehicles and related equipment.

8    2.    The true names and capacities, whether individual, corporate, associate,

9 or otherwise, of the Defendants, Does 1 through 20, inclusive, are unknown to

10 Plaintiffs who therefore sue these Defendants by such fictitious names. Plaintiffs will

11 seek leave to amend this First Amended Complaint to set forth their true names and

12 capacities when Plaintiffs have ascertained them.  Further, Plaintiffs are informed and

13 believe, and thereon allege, that each of the Defendants designated herein as a "Doe"

14 is responsible in some manner for the events and happenings herein referred to and

15 caused injury and damage to Plaintiffs as herein alleged.

16    3.    FORD MOTOR COMPANY and Defendants, Does 1 through 20,

17 inclusive, are collectively hereinafter referred to as "Defendants."

18    4.    Plaintiffs are informed and believe, and thereon allege, that at all times

19 herein mentioned, Defendants, and each of them, were the agents, servants, and/or

20 employees of each of their Co-Defendants. Plaintiffs are informed and believe, and

21 thereon allege, that in doing the things hereinafter alleged Defendants, and each of

22 them, were acting in the course and scope of their employment as such agents,

23 servants, and/or employees, and with the permission, consent, knowledge, and/or

24 ratification of their Co-Defendants, principals, and/or employers.

25    5.    On June 15, 2022, Plaintiffs purchased a 2021 Ford Mustang, VIN

26 3FMTK1SS0MMA43795 (hereinafter referred to as the "Vehicle"), for personal,

27 family, and/or household purposes. The Retail Installment Sale Contract ("Contract")

28 is in the possession of Defendants.

**FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

6.     The Vehicle was/is a "new motor vehicle" under The Song-Beverly Warranty Act (hereinafter the "Song-Beverly Act"), a "consumer product" under The Magnuson-Moss Warranty Act (hereinafter the "Magnuson-Moss Act"), and a "good" under Civil Code Section §1750 et seq. The Consumers Legal Remedies Act (hereinafter the "CLRA").

7.     Plaintiffs received written warranties and other express and implied warranties including, but not limited to, warranties from Defendants that the Vehicle and its components would be free from all defects in material and workmanship; that the Vehicle would pass without objection in the trade under the Contract description; that the Vehicle would be fit for the ordinary purposes for which it was intended; that the Vehicle would conform to the promises and affirmations of fact made, that it would provide safe and reliable transportation; that Defendants, and each of them, would perform any repairs, alignments, adjustments, and/or replacements of any parts necessary to ensure that the Vehicle was free from any defects in material and workmanship.

8.     Defendants provide all Ford customers, including Plaintiffs, with a Ford Warranty Guide with the purchase or lease of a Ford vehicle.  The Ford Warranty Guide for the Vehicle, which includes a "Bumper to Bumper" warranty as well as a Powertrain warranty, includes in relevant part:[1]

> **"New Vehicle Limited Warranty**
> **Bumper-to-Bumper (Includes Tires):**
> Your Bumper to Bumper Coverage lasts for three years - unless you drive more than 36,000 miles before three years elapse
> **Powertrain:**
> Your vehicle's Powertrain components are covered for five years or 60,000 miles, whichever occurs first.
> **Warranty Applies:**

---

[1] https://www.ford.com/cmslibs/content/dam/brand_ford/en_us/brand/resources/general/pdf/guides/2021-Ford-Car-LT-Truck-Hybrid-Warranty-version-2_frdwa_EN-US_07_2020.pdf (Last Accessed on July 27, 2023)

**FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

The New Vehicle Limited Warranty and the Emissions Warranties described in this booklet apply to your vehicle if it was originally purchased through the Ford Export Operations Military Sales Program or it was originally sold or leased by Ford Motor Company or one of its dealers in the United States or U.S. Federalized Territories, and it was originally registered/licensed and operated in the United States, U.S. Federalized Territories, or Canada.

**Repairs Covered:**

You will not be charged for repairs covered by any applicable warranty during the stated coverage periods, unless specifically stated elsewhere in this guide.

**No Charge:**

Ford Motor Company dealers will, without charge, repair, replace, or adjust all parts on your vehicle that malfunction or fail during normal use during the applicable coverage period due to a manufacturing defect in factory-supplied materials or factory workmanship.

**Obtaining Repairs:**

You are responsible for presenting your vehicle to a Ford Motor Company dealer as soon as a problem exists. The warranty repairs should be completed in a reasonable amount of time, not to exceed 30 days

**Warranty Period:**

Your Warranty Start Date is the day you take delivery of your new vehicle or the day it is first put into service (for example, as a dealer demonstrator), whichever occurs first.

**Bumper-to-Bumper Coverage:**

Your Bumper to Bumper Coverage lasts for three years - unless you drive more than 36,000 miles before three years elapse

**Powertrain Coverage:**

Your vehicle's Powertrain components are covered for five years or 60,000 miles, whichever occurs first.

**Engine Coverage includes:**

All internal lubricated parts, cylinder block, cylinder heads, electrical fuel pump, powertrain control module, engine mounts,

**FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

flywheel, injection pump, manifold (exhaust and intake), manifold bolts, oil pan, oil pump, seals and gaskets, engine thermostat, engine thermostat housing, timing chain cover, timing chain (gears or belt), turbocharger/supercharger unit, valve covers, water pump.

**Transmission:**

All internal parts, clutch cover, seals and gaskets, torque converter, transfer case (including all internal parts), transmission case, transmission mounts (front and rear)."

8.    Plaintiffs have duly performed all the conditions on Plaintiffs' part under the Contract and under the express and implied warranties given to Plaintiffs, except insofar as the acts and/or omissions of the Defendants, and each of them, as alleged herein, prevented and/or excused such performance.

9.    Plaintiffs have delivered the Vehicle to the Defendants' authorized service and repair facilities, agents and/or dealers, on at least four (4) separate occasions resulting in the Vehicle being out of service by reason of repair of nonconformities. Repair orders and/or invoices related to said repair presentations are in the possession of Defendants.

10.    By way of example, and not by way of limitation, Plaintiffs have presented the Vehicle to Defendants for repairs of defects, malfunctions, misadjustments, and/or nonconformities related to: (a) recalls: #21P22, #22P08, #22S41, and #22B28; (b) the illumination of the "Malfunction" warning light; (c) the infotainment system causing a defective front camera; (d) the illumination of the "Pre-Collision" warning light; and (e) an inoperable Cruise Control.

11.    Each time Plaintiffs delivered the nonconforming Vehicle to Defendants' authorized service and repair facility, Plaintiffs notified Defendants, and each of them, of the defects, malfunctions, misadjustments, and/or nonconformities existent with the Vehicle and demanded that Defendants or its representatives repair, adjust, and/or replace any necessary parts to conform the Vehicle to the applicable warranties.

12.    Each time Plaintiffs delivered the nonconforming Vehicle to Defendants'

1  authorized service and repair facility, Defendants, and each of them, represented to
2  Plaintiffs that they could and would conform the Vehicle to the applicable warranties,
3  that in fact they did conform the Vehicle to said warranties, and that all the defects,
4  malfunctions, misadjustments, and/or nonconformities have been repaired; however,
5  Defendants or their representatives failed to conform the Vehicle to the applicable
6  warranties    because    said    defects,    malfunctions,    misadjustments,    and/or
7  nonconformities continue to exist even after a reasonable number of attempts to repair
8  was given.

9        13.    The amount in controversy exceeds TWENTY-FIVE THOUSAND
10  DOLLARS ($25,000.00), exclusive of interest and costs, for which Plaintiffs seek
11  judgment against Defendants, together with equitable relief. In addition, Plaintiffs
12  seek damages from Defendants, and each of them, for incidental, consequential,
13  exemplary, and actual damages including interest, costs, and actual attorneys' fees.
14  ///
15  ///
16  ///
17  ///
18  ///
19  ///
20  ///
21  ///
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

**FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

1

### FIRST CAUSE OF ACTION

2

### Breach of Implied Warranty of Merchantability under The Song-Beverly Act

3

### Against all Defendants

4    14.    Plaintiffs reallege each and every paragraph (1-13) and incorporate them

5   by this reference as though fully set forth herein.

6    15.    The distribution and sale of the Vehicle was accompanied by the

7   Defendants' implied warranty that the Vehicle was merchantable.

8    16.    Furthermore, Defendants, and each of them, impliedly warranted, inter

9   alia, that the Vehicle would pass without objection in the trade under the Contract

10   description; that the Vehicle was fit for the ordinary purposes for which it was

11   intended; that the Vehicle was adequately assembled; and/or that the Vehicle

12   conformed to the promises or affirmations of fact made to Plaintiffs.

13    17.    As evidenced by the defects, malfunctions, misadjustments, and/or

14   nonconformities alleged herein, the Vehicle was not merchantable because it did not

15   have the quality that a buyer would reasonably expect; because it could not pass

16   without objection in the trade under the Contract description; because it was not fit for

17   the ordinary purposes for which it was intended; because it was not adequately

18   assembled; and/or because it did not or could not be conformed to the promises or

19   affirmations of fact made to Plaintiffs.

20    18.    Upon discovery of the Vehicle's nonconformities, Plaintiffs took

21   reasonable steps to notify Defendants, and each of them, within a reasonable time that

22   the Vehicle did not have the quality that a buyer would reasonably expect and, further,

23   justifiably revoked acceptance of the nonconforming Vehicle.

24    19.    Plaintiffs hereby give written notice and justifiably revoke acceptance of

25   the nonconforming Vehicle under the Commercial Code sections 2607 and

26   2608. Plaintiffs further demands that Defendants cancel the sale, take back the

27   nonconforming Vehicle, refund all the money expended, pay the difference between

28   the value of the Vehicle as accepted and the value the Vehicle would have had if it had

-7-

### FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1    been as warranted, and/or pay damages under the Commercial Code sections 2711,

2    2714, and 2715.  Defendants, and each of them, have, however, refused to comply.

3        20.    Plaintiffs hereby give written notice and make demand upon Defendants

4    for replacement or restitution, pursuant to the Song-Beverly Act.  Defendants, and

5    each of them, knew of their obligations under the Song-Beverly Act; however, despite

6    Plaintiffs' demand, Defendants and each of them, have intentionally failed and refused

7    to make restitution or replacement pursuant to the Song-Beverly Act.

8        21.    As a result of the acts and/or omissions of the Defendants, and each of

9    them, Plaintiffs have sustained damage in the amount actually paid or payable under

10   the Contract, plus prejudgment interest thereon at the legal rate.  Plaintiffs will seek

11   leave to amend this First Amended Complaint to set forth the exact amount thereof

12   when that amount is ascertained.

13       22.    As a further result of the actions of Defendants, and each of them,

14   Plaintiffs have sustained incidental and consequential damages in an amount yet to be

15   determined, plus interest thereon at the legal rate.  Plaintiffs will seek leave to amend

16   this First Amended Complaint to set forth the exact amount of incidental damages

17   when that amount is ascertained.

18       23.    As a further result of the actions of Defendants, and each of them,

19   Plaintiffs have sustained damages equal to the difference between the value of the

20   Vehicle as accepted and the value the Vehicle would have had if it had been as

21   warranted.

22       24.    As a direct result of the acts and/or omissions of Defendants, and each of

23   them, and in pursuing Plaintiffs' claim, it was necessary for Plaintiffs to retain legal

24   counsel. Pursuant to the Song-Beverly Act, Plaintiffs, in addition to other remedies, is

25   entitled to the recovery of attorneys' fees based upon actual time expended and

26   reasonably incurred, in connection with the commencement and prosecution of this

27   action.

28   ///

-8-

**FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

**SECOND CAUSE OF ACTION**

**Breach of Express Warranty under The Song-Beverly Act**

**Against all Defendants**

25.    Plaintiffs reallege each and every paragraph (1-24) and incorporate them by this reference as though fully set forth herein.

26.    The Vehicle had defects, malfunctions, misadjustments, and/or nonconformities covered by the warranty that substantially impaired its value, use, or safety to Plaintiffs.

27.    Plaintiffs delivered the Vehicle to Defendants or their authorized repair facilities for repair.

28.    Defendants, and each of them, failed to service or repair the Vehicle to match the written warranty after a reasonable number of opportunities to do so.

29.    The acts and/or omissions of Defendants, and each of them, in failing to perform the proper repairs, part replacements, and/or adjustments, to conform the Vehicle to the applicable express warranties constitute a breach of the express warranties that Defendants provided to Plaintiffs, thereby breaching Defendants' obligations under the Song-Beverly Act.

30.    Defendants, and each of them, failed to perform the necessary repairs and/or service in good and workmanlike manner. The actions taken by Defendants, and each of them, were insufficient to make the Vehicle conform to the express warranties and/or proper operational characteristics of like vehicles, all in violation of Defendants' obligations under the Song-Beverly Act.

31.    Plaintiffs hereby give written notice and make demand upon Defendants for replacement or restitution, pursuant to the Song-Beverly Act.  Defendants and each of them, knowing their obligations under the Song-Beverly Act, and despite Plaintiffs' demand, failed and refused to make restitution or replacement according to the mandates of the Song-Beverly Act. The failure of Defendants, and each of them, to refund the price paid and payable or to replace the Vehicle was intentional and justifies

**FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

1  an award of a Civil Penalty in an amount not to exceed two times Plaintiffs' actual

2  damages.

3        32.   As a result of the acts and/or omissions of Defendants, and each of them,

4  and pursuant to the provisions of the Song-Beverly Act, Plaintiffs are entitled to

5  replacement of the Vehicle or restitution of the amount actually paid or payable under

6  the Contract, at Plaintiffs' election, plus prejudgment interest thereon at the legal rate.

7  Plaintiffs will seek leave to amend this First Amended Complaint to set forth the exact

8  amount of restitution and interest, upon election, when that amount has been

9  ascertained.

10        33.   Additionally, as a result of the acts and/or omissions of Defendants, and

11  each of them, and pursuant to the Song-Beverly Act, Plaintiffs have sustained and are

12  entitled to consequential and incidental damages in amounts yet to be determined, plus

13  interest thereon at the legal rate. Plaintiffs will seek leave to amend this First Amended

14  Complaint to set forth the exact amount of consequential and/or incidental damages,

15  when those amounts have been ascertained.

16        34.   As a direct result of the acts and/or omissions of Defendants, and each of

17  them, and in pursuing Plaintiffs' claim, it was necessary for Plaintiffs to retain legal

18  counsel. Pursuant to the Song-Beverly Act, Plaintiffs, in addition to other remedies, is

19  entitled to the recovery of attorneys' fees based upon actual time expended and

20  reasonably incurred, in connection with the commencement and prosecution of this

21  action.

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

**FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

1

**THIRD CAUSE OF ACTION**

2

**Breach of Express Warranty under California Commercial Code§ 2-313**

3

**Against All Defendants**

4    35.    Plaintiffs reallege each and every paragraph (1-34) and incorporate them

5  by this reference as though fully set forth herein.

6    36.    At the time Plaintiffs acquired the Vehicle, it was accompanied by a

7  written express warranty from Defendants as identified in Paragraph 7 and 8. Said

8  written and express warranties included but were not limited to, warranties that the

9  Vehicle and its components would be free from all defects in material and

10  workmanship; that the Vehicle would pass without objection in the trade under the

11  contract description; that the Vehicle would be fit for the ordinary purposes for which

12  it was intended; that the Vehicle would conform to the promises and affirmations of

13  fact made in such warranties; that Defendants would perform any repairs, alignments,

14  adjustments, and/or replacements of any parts necessary to ensure that the Vehicle was

15  free from any defects in material and workmanship; that Defendants would maintain

16  the utility of the Vehicle and that Defendants would conform the Vehicle to the

17  applicable express warranties.

18    37.    The Vehicle had defects, malfunctions, misadjustments, and/or

19  nonconformities covered by the express warranties which was intact at all times during

20  which the Vehicle was delivered to Defendants or its authorized repair facilities for

21  repair.

22    38.    Upon discovery of the defects, malfunctions, misadjustments, and/or

23  nonconformities or within a reasonable time after discovery, Plaintiffs delivered the

24  Vehicle to Defendants or its authorized repair facilities for repair.

25    39.    Defendants, and each of them, failed to service or repair the Vehicle to

26  conform to the express written warranty despite a reasonable number of opportunities

27  to do so.

28

**FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

40.    The acts and/or omissions of Defendants, and each of them, in failing to perform the proper repairs, part replacements, and/or adjustments, to conform the Vehicle to the applicable express warranties constitute a breach of the express warranties that Defendants provided, thereby breaching Defendants' obligations to Plaintiffs under section 2-313 of the California Commercial Code.

41.    Defendants, and each of them, failed to perform the necessary repairs and/or service in good and workmanlike manner. The actions taken by Defendants, and each of them, were insufficient to make the Vehicle conform to the express warranties, affirmations or fact and/or proper operational characteristics of like Vehicles, all in violation of Defendants' obligations under section 2-313 of the California Commercial Code.

42.    As a result of the acts and/or omissions of Defendants, and each of them, Plaintiffs have sustained and are entitled to compensatory consequential and incidental damages in amounts yet to be determined, plus interest thereon at the legal rate. Plaintiffs will seek leave to amend this First Amended Complaint to set forth the exact amount of compensatory, consequential and/or incidental damages, when those amounts have been ascertained.

///
///
///
///
///
///
///
///
///
///
///

**FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

# FOURTH CAUSE OF ACTION

## Violation of The Magnuson-Moss Warranty Act

### Against All Defendants

43.    Plaintiffs reallege each and every paragraph (1-42) and incorporate them by this reference as though fully set forth herein.

44.    This Court has jurisdiction to decide claims brought under 15 USC § 2301 et seq., by virtue of 15 USC § 2310(d)(1)(A).

45.    Pursuant to 15 U.S.C. § 2301(3) of the Magnuson-Moss Warranty Act (hereinafter the "Magnuson-Moss Act"), Plaintiffs are the "Consumers."

46.    Pursuant to 15 U.S.C. § 2301(4) and 15 U.S.C. § 2301(5) of the Magnuson-Moss Act, Defendants are both a "Supplier" and "Warrantor."

47.    Pursuant to 15 U.S.C. § 2301(1) of the Magnuson-Moss Act, the Vehicle is a "Consumer Product."

48.    Pursuant to 15 U.S.C. § 2304(a-d), Defendants, as a warrantor and supplier, are required to honor the express written warranties and implied warranties by remedying any defects, malfunctions or non-conformities of the Vehicle within a reasonable time and without charge to Plaintiff.

49.    In breaching the express written warranties and implied warranties by failing to repair the defects and nonconformities, or to replace or repurchase the vehicle, Defendants have violated the Magnuson-Moss Act.

50.    Plaintiffs performed all terms, conditions, covenants, promises and obligations required to be performed on Plaintiffs' part under the terms of the express written warranties and implied warranties except for those terms and conditions, covenants, promises and obligations or payments for which performance and/or compliance has been excused by the acts and/or conduct of Defendants.

51.    As a direct and proximate result of the acts and omissions of the Defendants in failing to perform its obligations under the express written warranties and implied warranties, Plaintiffs have been damaged in the form of general, special

1  and actual damages in an amount within the jurisdiction of this Court, according to
2  proof at trial.

3       52.    Pursuant to 15 U.S.C. § 2310(d), Plaintiffs are entitled to rescission of the
4  contract and reimbursement of the purchase price paid for the vehicle. Plaintiffs will
5  seek leave to amend this First Amended Complaint to set forth the exact amount of
6  restitution and interest, when those amounts have been ascertained.

7       53.    Plaintiffs are further entitled to all incidental, consequential and general
8  damages resulting from Defendants' failure to comply with their obligations under the
9  Magnuson-Moss Act. Plaintiffs will seek leave to amend this First Amended
10 Complaint to set forth the exact amount of consequential and/or incidental damages,
11 when those amounts have been ascertained.

12      54.    Pursuant to 15 U.S.C. § 2310(d)(2), Plaintiffs are entitled under the
13 Magnuson-Moss Act to recover as part of the judgment a sum equal to the aggregate
14 amount of costs and expenses, including attorney's fees, reasonably incurred in
15 connection with the commencement and prosecution of this action.

16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

-14-

**FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

**FIFTH CAUSE OF ACTION**

**Violation of Civil Code Section §1750 et seq. The Consumers Legal Remedies Act ("CLRA")**

**Against all Defendants**

55.   Plaintiffs reallege each and every paragraph (1-54) and incorporate them by this reference as though fully set forth herein.

56.   The Vehicle is a "Good" as defined under Civil Code § 1761(a).

57.   Plaintiffs are the "Consumers" as defined under Civil Code § 1761(d).

58.   Defendant is a "Person" as defined under Civil Code § 1761(c).

59.   A "Transaction" as defined by Civil Code § 1761(e) occurred between Defendant and Plaintiff.

60.   The Consumers Legal Remedies Act ("CLRA") provides a list of proscribed practices. Specifically, this list of proscribed practices are deemed unfair methods of competition and unfair or deceptive acts or practices. Civil Code § 1770(a) includes, but is not limited to, the following proscribed practices:

> (5)   Representing the goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have, or that a person has a sponsorship, approval, status, affiliation, or connection that the person does not have.

> (7)   Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are another.

> (14)   Representing that a transaction confers or involves rights, remedies, or obligations that it does not have or involve or that are prohibited by law.

61.   Defendant's actions violated the CLRA by misrepresenting the subject vehicle as being free from defects. Defendants also violated the CLRA by representing

that any defect that did occur during the warranty period would be repaired. Defendants have failed to and are unable to repair the defects which have occurred in the Vehicle.

62.    Defendant's actions also violated the Song-Beverly in that Defendants breached the warranty issued to Plaintiffs at the time of sale.

63.    Plaintiffs provided the proper statutory notice required by The CLRA. Despite the passage of this thirty (30) day statutory notice, Defendants have failed to provide an appropriate remedy.

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

-16-

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against all Defendants, and each of them, as follows:

    A.   For replacement or restitution, at Plaintiffs' election, according to proof;

    B.   For incidental damages, according to proof;

    C.   For consequential damages, according to proof;

    D.   For a civil penalty as provided in The Song-Beverly Act, in an amount not to exceed two times the amount of Plaintiffs' actual damages;

    E.   For actual attorneys' fees, reasonably incurred;

    F.   For costs of suit and expenses, according to proof;

    G.   Injunctive Relief;

    H.   For punitive damages;

    I.   For monetary damages;

    J.   For the difference between the value of the Vehicle as accepted and the value the Vehicle would have had if it had been as warranted;

    K.   For remedies provided in Chapters 6 and 7 of Division 2 of the Commercial Code;

    L.   For pre-judgment interest at the legal rate;

    M.   Such other relief the Court deems appropriate.

Date:  July 27, 2023           THE BARRY LAW FIRM

By: _____
      DAVID N. BARRY, ESQ.
      Attorney for Plaintiffs,
      RYAN GRIFFIN and
      RADA MARCU

**FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

1

## <u>CERTIFICATE OF SERVICE</u>

2

3

4

5

6

     I hereby certify that on July 27, 2023, I filed the foregoing document entitled **FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** with the clerk of court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record in this action.

7

8

9

10

11

12

13

14

                                                   */s/ David N. Barry*

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

**FIRST AMENDED  COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**